# UNITED STATES DISTRICT COURT

for the

Western District of Texas

United States of America
v.

JOHN URIEGAS MONTEZ
*Defendant(s)*

Case No. SA-21-MJ-00470

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of April 13, 2021 in the county of Comal in the Western District of Texas, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. Section 922(g)(1) | Felon in Possession of a Firearm<br><br>Penalties: Maximum 10 years imprisonment, $250,000 fine, Maximum 3 years supervised release, $100 mandatory special assessment |

This criminal complaint is based on these facts:

See Attached Affidavit

☒ Continued on the attached sheet.

Kyle Williams Digitally signed by Kyle Williams
Date: 2021.04.21 09:48:03 -05'00'
*Complainant's signature*

Kyle Williams, FBI Task Force Officer
*Printed name and title*

☐ Sworn to before me and signed in my presence.
☒ Sworn to telephonically and signed electronically.

*Judge's signature*

Date: 04/21/2021

City and state: San Antonio, Texas

Hon. Richard B. Farrer, U.S. Magistrate Judge
*Printed name and title*

# **AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT AGAINST JOHN URIEGAS MONTEZ**

I, Task Force Officer Kyle Williams, being duly sworn do hereby depose and state:

1. Your AFFIANT is a Task Force Officer assigned to the FBI – Safe Streets Task Force. Prior to my current assignment, I served as a narcotics investigator with the Comal County Metropolitan Narcotics Task Force from 2016 till 2020 and have been a peace officer for the New Braunfels Police Department since 2009. In my work with the FBI and the Narcotics Task Force, I have participated in drug investigations and other violent crime investigations, during the course of which, I have conducted and participated in physical and electronic surveillance, execution of search warrants, debriefings of confidential human sources, cooperating witnesses, and reviews of recorded conversations and criminal records. Through my training, education, and experience, I have become familiar with the involvement of criminal enterprise members in violent activities, the handling of the finances of criminal enterprises, the manner in which illegal drugs are imported and distributed, and the method of payment for such activity to avoid detection by law enforcement. My primary duties and current assignment involve conducting investigations targeting violent gangs and individuals involved in illegal activities as members of drug trafficking criminal enterprises.

2. On April 13, 2021, New Braunfels Police Department officers responded to a call for service at the Red Roof Inn and Suites, XXX IH 35 South, New Braunfels, Texas, which is located within the Western District of Texas, in reference to reports obtained from the Texas Department of Public Safety ("DPS") of a wanted person, later identified as **JOHN URIEGAS-MONTEZ** ("**URIEGAS-MONTEZ**"), at that location. The DPS reports indicated that **URIEGAS-MONTEZ** might be in possession of firearms. To assist with the investigation, New Braunfels Police Department personnel obtained Texas driver license and open-source social media photos of **URIEGAS-MONTEZ**. **URIEGAS-MONTEZ** also had an active warrant for his arrest stemming from a parole violation related to **URIEGAS-MONTEZ's** November 2020 conviction for possession of a controlled substance in the 144th District Court, Bexar County, Texas

3. Based on the obtained information and because **URIEGAS-MONTEZ** was considered to be "armed and dangerous," the decision was made to activate New Braunfels Police Department Special Weapons and Tactics ("SWAT") Unit. Upon activation, SWAT members conducted physical surveillance and observed **URIEGAS-MONTEZ** exit his hotel room and walk downstairs. A visual confirmation of **URIEGAS-MONTEZ** was made by SWAT members at this time. Upon reaching the lower level of the hotel complex, SWAT members contacted and placed **URIEGAS-MONTEZ** under arrest.

4. **URIEGAS-MONTEZ** subsequently confirmed his identity verbally. In response to officer-safety questions, **URIEGAS-MONTEZ** made voluntary statements regarding a quantity of narcotics and firearms being located in his hotel room. During this process, **URIEGAS-MONTEZ** also indicated that he had an additional quantity of methamphetamine on his person. Methamphetamine was then located--hidden in **URIEGAS-MONTEZ**'s sock. **URIEGAS-MONTEZ** then voluntarily escorted officers to his hotel room and narrated to the officers where the respective narcotics and firearms were located within.

5. During this process, New Braunfels Police Department officers located a black backpack claimed by **URIEGAS-MONTEZ**. Within the backpack were three packaged bags containing suspected methamphetamine, weighing approximately 1.44 grams, 1.48 grams, and 28.88 grams each. Officers also noted empty plastic bags within the backpack in addition to the suspected methamphetamine. The methamphetamine was field-tested and returned a positive result.

6. Two handguns were also located within the backpack: 1) a Ruger .9mm pistol, Serial Number 333-27926; and 2) a Glock .40 caliber pistol, Serial Number CPS169. **URIEGAS-MONTEZ** also voluntarily directed officers to the dresser drawers/TV stand within the room and indicated that a firearm, determined to be a Thureon Defense .9mm rifle, Serial Number BA0979, was within the top drawer. Officers discovered that the Ruger pistol contained ammunition in the chamber, as well as, the magazine and the Thureon Defense rifle also contained ammunition within the chamber along with a loaded 30-round magazine. The Glock pistol had no ammunition within to include no inserted magazine. The Ruger .9mm pistol was later verified via New Braunfels Police Department dispatch to have been entered/listed as a stolen firearm.

7. Your AFFIANT also conducted a custodial jail interview with **URIEGAS-MONTEZ**. Prior to beginning this interview, **URIEGAS-MONTEZ** was advised of his constitutional warnings, which he indicated he understood. **URIEGAS-MONTEZ** then acknowledged that he intentionally and knowingly possessed the above-referenced firearms. **URIEGAS-MONTEZ** also made statements regarding his intentions to re-distribute/sell the narcotics seized from his property during the course of the investigation. **URIEGAS-MONTEZ** also acknowledged that he was a convicted felon.

8. A subsequent interstate-nexus examination conducted by the Bureau of Alcohol, Tobacco, and Firearms revealed that 1) the Ruger .9mm pistol, Serial Number 333-27926; 2) the Glock .40 caliber pistol, Serial Number CPS169; and 3) the Thureon Defense .9mm rifle, Serial Number BA0979, were not manufactured in the State of Texas, and therefore traveled in interstate and foreign commerce.

9. Records checks also revealed that on November 2, 2020, **URIEGAS-MONTEZ** was convicted for possessing a controlled substance (Penalty Group 1 – Greater than 1 Gram but Less than 4 Grams) in cause number 2019CR7396 in the 144th District Court, Bexar County, Texas.

10. Based on the above facts, your Affiant believes there is probable cause to believe that **JOHN URIEGAS-MONTEZ**, knowing he is a convicted felon, knowingly possessed a firearm, in violation of 18 U.S.C. § 922(g)(1).

Kyle Williams
Kyle Williams
Task Force Officer
Federal Bureau of Investigation – Safe Streets Task Force

SUBSCRIBED AND SWORN TO BEFORE ME THIS 21 DAY OF APRIL, 2021.

HONORABLE JUDGE RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE